## VÁZQUEZ *v.* GARCÍA.

### APPEAL from the District Court of San Juan.

No. 147.—Decided October 31, 1904.

DIVORCE—ABANDONMENT.—The abandonment recognized by section 164 of the Civil Code as a cause for divorce must not only continue for a period greater than one year, but must be accompanied by such circumstances as to demonstrate a firm and decided intention of one of the spouses to separate forever from the other spouse and to sever the matrimonial bond existing between them.

ID.—If the matters referred to in the preceding paragraph are not established by the evidence in the case, the suit for divorce should be dismissed.

The facts are stated in the opinion.

*Mr. Freyre Barbosa,* for appellant.

*Mr. Rossy, Fiscal,* for the People.

The respondent did not appear.

MR. JUSTICE MacLEARY rendered the following opinion of the court:

This is a suit for divorce brought by the husband, who is the appellant herein, against the wife, who is the appellee. The complaint alleges that on the 1st day of August, 1889, in the Cathedral Church of the city of San Juan, said Luís Vázquez Ruíz was legally married to said María García Marién. That the marriage continued in its natural course, without any disturbance of the conjugal peace and happiness until the year 1901, when the plaintiff, finding himself with his wife accidentally in the city of Havana, the wife disappeared, not only from the conjugal domicile, but from that city, and has never returned to the domicile of her husband, and that he is in absolute ignorance of the place where she may be found. That the plaintiff in the first moments of this unjustifiable abandonment thought his wife had returned to San Juan, where her family resided, and he made a voyage to this place, where he has remained since 1901, without being able to verify his supposition. The complaint then goes on very unnecessarily to set forth the various statute laws in regard to divorce, and prays the District Court that the proper proceedings may be taken for the citation by publication, or such other method as the court may see proper.

Upon the trial of the cause, on the 9th of June, 1903, two witnesses were examined, who swore to the facts in the exact language of the complaint, and a certificate of the marriage was presented in evidence. The case was set down for decision on the 8th of the same month, and the court rendered judgment in the following language:

"*Judgment.*—In the city of San Juan, Porto Rico, on the 11th

day of July, 1903, a public hearing having been had, these proceedings against María Dolores García Marién in default, were brought by Luís Vázquez Ruíz through his attorney Luís Freyre Barbosa for divorce:

"First. Finding: that the Attorney, *Don* Luis Freyre Barbosa representing *Don* Luis Vázquez Ruíz, on the 2d of February of the present year filed an action for divorce against *Doña* Dolores García Marién, whom he had joined in marriage on the 10th of August, 1889, as appears from a transcript of the marriage certificate accompanying the complaint, basing the same on the fact that in the year 1901, the husband and wife finding themselves in the city of Havana, the wife disappeared from the conjugal domicile, and from that city, and has never returned to the domicile of the plaintiff; that he is absolutely ignorant as to where she may be found, and alleging as a ground for divorce, the act of abandonment.

Second. Finding: that the suit having been admitted, the *fiscal* cited, the citation published in a newspaper edited in this capital under the name of *El Boletín Mercantil,* under date of February 10, ultimo, the defendant did not appear; the citation was again published in the *Heraldo Español* under date of February 28, ultimo, the defendant was then declared in default, and the parties were summoned for the introduction of evidence; the plaintiff only appeared, introducing such evidence as he deemed proper.

"Third. Finding: that the oral trial being had on the day set for the same, the witnesses Luis Abella Blanco and Juan Nadal Santa Coloma testified; that the husband and wife being accidentally in Havana, in the year 1901, the wife disappeared; that the husband believed that she had come to San Juan, and came here himself in search of her; every one being aware of this fact.

"Fourth. Finding: that the law of procedure has been complied with in this case.

First. Concluding: that if the abandonment of the husband by the wife constitutes cause for divorce, an essential element of the abandonment is also the disappearance from the conjugal domicile with the definite intention of not returning during the term of one year.

"Second. Concluding: that there appears to be no evidence, either direct or indirect, that *Doña* María Dolores García Marién is separated from her husband with the intention of never returning, as weighing the evidence in a rational manner, the fact of the disappearance of the woman does not necessarily imply the abandonment

of her husband, it being possible to explain such disappearance by some accident which might have occurred during an absence of a moment from the side of her husband, which might prevent her from returning to him during a certain time, not having been able to do so afterwards, by reason of the husband having left Havana.

"Third. Concluding: that the evidence introduced is not sufficient to convince the sane judgment of a rational judge.

"*We adjudge:* that we should declare, and we do declare the suit not well founded, and tax the costs against the plaintiff.''

An appeal being taken to this court, the case was referred to the *fiscal,* who at that time was the Hon. Emilio del Toro, and he made a report in which he sets forth the facts and the legal propositions applicable to the same, and gives as his opinion the following:

"The only question for decision in the present case is whether or not it can be understood that the husband has been abandoned by the wife. In the complaint it is stated that the plaintiff finding himself with his wife accidentally in Havana, his said wife disappeared from there, without his having found her. Upon this fact alone the proof rests, and in truth that fact does not constitute the abandonment required for the decree of a divorce on that ground. It is necessary that it should appear clearly that abandonment was intended and voluntary, and in the present case it appears only that the wife disappeared, without any motive appearing for the same; and if we enter into suppositions, we may as well suppose that the wife abandoned the home voluntarily with the deliberate intention of not returning to it, as that the said wife has been the victim of some accident of which nothing is known, and which has obliged her to live separated from her legitimate home.''

Upon a careful consideration of this case it clearly appears that the petition for divorce would have been held bad on general demurrer, had one been interposed, since no ground for divorce is alleged.

The sole ground which counsel attempts to allege for the granting of this divorce is abandonment under the statute,

as set forth in section 164, paragraph 5, of the Civil Code, which reads as follows:

"The abandonment of the wife by the husband or the husband by the wife for a longer period of time than one year."

The disappearance of the wife without any explanation whatever could not be considered abandonment, because the abandonment must not only continue for one year, but be accompanied by such circumstances as to show that the intention is that of never returning, but of living permanently apart from the spouse abandoned. The word "abandonment" is defined by the lexicographers as "The act of a husband or wife who leaves his or her consort willfully, and with an intention of causing perpetual separation." The Supreme Court of Indiana says that abandonment in the sense in which it is used in the statute under which this proceeding was commenced may be defined "as an act of willfully leaving the wife (or husband) with the intention of causing a palpable separation between the parties, and implies an actual desertion of the wife by the husband, or vice versa." (60 Indiana, 269.)

Inasmuch as there is no evidence whatever in this case to show, by inference or otherwise, what caused the disappearance of the wife, or to indicate any intention on her part of a perpetual separation, or of living permanently apart from her husband, the District Court correctly refused to grant the divorce and the judgment of that court should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras, and Wolf concurred.